Joseph C. WATSON, Plaintiff–
Appellant,

v.

COUNTY OF LOS ANGELES; et
al., Defendants–Appellees,

and

Bel Air Patrol, Inc.; et al., Defendants.

No. 04–57137.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2007.

Filed Aug. 02, 2007.

Jeffrey A. Levinson, Esq., Law Offices of Jeffrey A. Levinson, Los Angeles, CA, for Plaintiff–Appellant.

Raymond J. Fuentes, Esq., Fuentes & McNally, LLP, Glendale, CA, Eugene P. Ramirez, Esq., Manning & Marder et al., LLP, Los Angeles, CA, for Defendants–Appellees.

Stroock & Stroock & Lavan, Los Angeles, CA, Laurie Deyoung, Esq., for Defendants.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Joseph C. Watson appeals from the district court's summary judgment in favor of two UCLA police officers and several Los Angeles County Sheriff's officers. He contends that material issues of fact exist regarding (1) the lawfulness of his detention and arrest and (2) the handling of his case post-arrest by the Sheriff's Department. We affirm in part and reverse in part.

We review the district court's grant of summary judgment de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922 (9th Cir. 2004). We review evidentiary rulings made in the context of summary judgment for an abuse of discretion. *Fonseca v. Sysco Food Servs. of Arizona, Inc.,* 374 F.3d 840, 845 (9th Cir.2004).

We agree with the district court that Watson has failed to establish any genuine issues of material fact regarding his pre-arrest encounter with law enforcement. Watson misstates the record by claiming that Officer Gorostiza saw him at 2:00 a.m. He presents no evidence that the UCLA officers knew that the hit-and-run accident occurred while he was in custody.

Watson's allegations that (1) he never told Officer Luther that he was involved in an accident in West Hollywood and (2)

Officer Luther lied by telling Deputy Heald that Watson admitted to being in an accident, do not create genuine issues of material fact. Watson's allegations were refuted by the UCLA dispatcher's recorded conversation with the Sheriff's Department, and, even if Watson's version of events were true, as a matter of law there was no false arrest.

■■■ The UCLA officers lawfully detained Watson because they had probable cause to arrest him for public intoxication under California Penal Code section 647(f). Deputy Heald also had probable cause to arrest Watson for public intoxication and, based on Perez's eye-witness identification, for leaving the scene of an accident and driving under the influence of alcohol. Watson does not prevail against Officer Luther under *Larez v. City of Los Angeles,* 946 F.2d 630, 645–46 (9th Cir.1991) (recognizing liability when a police officer sets in motion acts which cause others to inflict constitutional injury), because there was no false arrest.

■■ Because the district court did not abuse its discretion by excluding Perez's recorded statements, Watson's attempts to raise triable issues of fact on the basis of these statements fail. Specifically, Watson's unsubstantiated allegation that Deputy Heald forged Perez's name to the private citizen's arrest form, which misconstrues Deputy Heald's testimony, is insufficient by itself to create a triable issue of fact.

We agree with the district court that Watson failed to state a claim under the Fifth, Eighth, and Fourteenth Amendments. We also affirm the district court's judgment on Watson's state law claims for

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the reasons stated in the November 6, 2003, order.

 We hold that the district court erred by granting summary judgment to Deputy Heald on Watson's Fourth Amendment blood draw claim. In *Schmerber v. California,* 384 U.S. 757, 767–68, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), the Supreme Court recognized that the administration of a blood test is a search under the Fourth Amendment and is unlawful if not justified under the circumstances. *Schmerber* upheld as reasonable a blood test administered on a suspect arrested for DUI at a hospital where he was being treated for injuries after an accident, over the suspect's verbal objection made on the advice of counsel and after refusing to submit to a breathalyzer test. *Id.* at 770–71, 86 S.Ct. 1826.

In *Nelson v. City of Irvine,* 143 F.3d 1196, 1201 (9th Cir.1998), we applied the reasonableness test set forth in *Schmerber* to determine whether a forced blood test violated the rights of a DUI arrestee in California when he consented to a breath test. We held that "[w]hen an arrestee has agreed to submit to a breath or urine test which is available and of similar evidentiary value," a compelled blood test is unreasonable. *Id.* at 1207.

In addition to his declaration stating that he objected to the blood draw, Watson filed an Opposition to Summary Judgment for Heald, advancing a "Fourth Amendment violation for subjecting Plaintiff to a blood test," citing to *Schmerber.* In both his opposition and his Statement of Genuine Issues in Opposition to all Sheriff Department Defendants, he claimed coercion and referred the district court to his deposition testimony.

At his deposition, Watson testified: "I told [Deputy Heald] that I didn't want to have blood drawn. I asked him what was the reason for having blood drawn. I told him that I hate having blood drawn that I, you know, come close to passing out frequently when blood is drawn," and "You've already taken a breathalyzer. It's my understanding that you can take a urine test as well, if you need a test." Watson testified that Deputy Heald responded, "[I]f you don't want to have your blood drawn, then just admit to me that you were the driver of the vehicle." Finally, Watson also testified that Deputy Heald did not ask him to sign a consent form for the blood draw and that the signature on the consent form was not his signature.

Viewing the evidence in a light most favorable to Watson, on this record Deputy Heald has not satisfied his burden of demonstrating the absence of material issues of facts on Watson's blood draw claim. Under *Schmerber* and *Nelson,* questions of fact exist including whether Watson consented to the blood test, whether a breath or urine test was available to Watson, and whether Watson was offered, and/or refused an alternate test.

Deputy Heald shall bear his own costs on appeal. The remaining appellees' costs are taxed against appellant.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**